IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

KRIS KOBACH, *et al.*,

    Defendants.

Case No. 24-4010-JAR-ADM

**REPORT AND RECOMMENDATION**

Pro se plaintiff Morehei Pierce brings this action under 42 U.S.C. § 1983, alleging that Kansas correctional officers violated the Fourteenth Amendment by not allowing him to serve parole in Nebraska. The court previously granted Pierce leave to proceed in forma pauperis ("IFP"), but directed the U.S. Marshal Service to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). (ECF 6.) As discussed in further detail below, upon screening, the court now recommends that the district judge dismiss Pierce's complaint.

    I.    **BACKGROUND**

Pierce is a Kansas state prisoner who was incarcerated at Larned Correctional Mental Health Facility ("Larned"). In late 2022, the Kansas Department of Corrections Prisoner Review Board ("Prisoner Review Board") granted Pierce parole, to begin on or after January 1, 2023. (ECF 1, at 8.) Pierce's complaint states that, upon learning the Prisoner Review Board's decision, he "requested to parole to the state of Nebraska," where his family resides. (ECF 1, at 6.) Pierce names three persons, all of whom appear to be correctional officers, as allegedly involved in determining where he would serve his parole. Reading the complaint broadly, Peirce asserts that

"Defendants Re-Entry H. Cobb and Ms. Rose" did not take adequate steps to find him placement in a halfway house, either in Kansas or Nebraska. (*Id.* at 3-4.) Pierce also states that when he suggested a particular halfway house to "Defendant Unit Counselor Travis Getty," Getty told him "that either it wasn't approved by the Kansas Prisoner Review Board or either he felt like it wasn't suitable for him." (*Id.* at 4.) Getty eventually told Pierce that he "had to parole to an immediate family member." (*Id.*) Pierce states that he was placed with a family member in Alabama. Pierce now brings a claim for "violation of the Fourteenth Amendment," though it is unclear what particular actions Pierce contends are unconstitutional. (*Id.*)

## II.  LEGAL STANDARDS

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Pierce is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In so doing, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

2

### III.    ANALYSIS

The court finds that Pierce has failed to state a viable claim against any named defendant. As stated above, § 1915(e)(2)(B)(ii) directs the court to dismiss an action that fails to state a claim on which relief may be granted. Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

Pierce's complaint seems to allege that defendants Getty, Rose, and Cobb violated the Fourteenth Amendment Due Process Clause because someone decided that Pierce must serve his parole in the custody of a family member in Alabama, rather than in a halfway house in Nebraska. The actions of these three defendants, as described by Pierce, did not deprive Pierce of a constitutionally protected liberty interest. Challenges to conditions of parole generally are not cognizable under § 1983 because parolees only enjoy "conditional liberty properly dependent on observance of special parole restrictions . . . designed to ensure rehabilitation and protect the public." *United States v. Lewis*, 71 F.3d 358, 361 (10th Cir. 1995) (quotations and citations omitted). "The essence of parole is release from prison, before the completion of sentence, on the

condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972). "A parolee who does not agree with the conditions of his parole is free to refuse it." *Hampton v. Perez*, No. 07-CV-01732, 2010 WL 1688464, at *4 (D. Colo. Apr. 23, 2010) (citations omitted). "Because parole is an extension of confinement, limitations resulting in . . . restricted living or travel arrangements during the time of parole or mandatory release supervision do not result in a constitutional violation." *Green v. Quintana*, No. 92-N-320, 1992 WL 477010, at *1 (D. Colo. Apr. 8, 1992), *aff'd*, 992 F.2d 1222 (10th Cir. 1993); *see also Roblez v. New Mexico*, No. 13-cv-0014, 2013 WL 12330001, at *6 (D.N.M. June 10, 2013) ("Because Plaintiff's allegation that his probation/parole kept him under 'severe restrictions' and 'virtual house arrest'—even if supported by plausible factual allegations—would not state a claim under § 1983, the claim will be dismissed with prejudice."). Moreover, the Supreme Court has recognized that states may transfer an inmate to another state to serve a portion of their sentences without "depriv[ing the] inmate of any liberty interest protected by the Due Process Clause." *Olim v. Wakinekona,* 461 U.S. 238, 247-48 (1983). Thus, whatever hand Getty, Rose, and Cobb had in determining where Pierce must serve his parole, they did not violate any protected liberty interest in the process.

Pierce's complaint also names Kris Kobach, in his capacity as Kansas Attorney General, and Mark Dupree, in his capacity as Wyandotte County District Attorney, as defendants, but Pierce does not allege any actions taken by these individuals. To prevail on a § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Pierce has not alleged any facts implicating Kobach or Dupree, it would be impossible for him to prevail on any claim asserted against them. More specifically, Pierce's complaint lacks any allegation that

4

either of these defendants, acting under color of state law, caused Pierce to be deprived of any federal right or privilege, as is necessary to support a § 1983 claim.  *See* 42 U.S.C. § 1983.  Thus, it would be futile to give Pierce an opportunity to amend his § 1983 complaint against these defendants.

In short, the court cannot construe Pierce's complaint in any way to assert a claim upon which relief may be granted against the defendants, and granting Pierce leave to amend would be futile.  The nature of the action he purports to bring—challenging the location set as a condition of parole—simply is not cognizable.  The court therefore recommends that the district judge dismiss Pierce's complaint in its entirety.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Pierce may file written objections to this Report and Recommendation within fourteen days after being served with a copy.  If Pierce fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that Pierce's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Pierce via regular mail and certified mail, return receipt requested.

Dated February 5, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge