IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MOREHEI PIERCE,<br><br>          Plaintiff,<br><br>     v.<br><br>KRIS KOBACH, et al.,<br><br>          Defendants. | Case No. 24-4010-JAR-ADM |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Morehei Pierce timely filed an objection (Doc. 8) to Magistrate Judge Mitchell's Report and Recommendation (Doc. 7) that recommended Plaintiff's complaint be dismissed. In a detailed Report and Recommendation, Judge Mitchell explained why Plaintiff's claims against the defendants fail to state a claim upon which relief may be granted and recommended that the undersigned dismiss the claims under 28 U.S.C. § 1915(e)(2)(B)(ii). As described below, the Court overrules and denies Plaintiff's objection, adopts the Report and Recommendation, and dismisses the case.

I.     **Legal Standard**

Under 28 U.S.C. § 636(b)(1), when a party files objections to a magistrate judge's report and recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[1]

---

[1] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court..."[2] If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[3]

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally.[4] However, the Court does not assume the role of advocate.[5] Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[6] Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[7]

## II.     Discussion

The Court has reviewed Plaintiff's objection to the Report and Recommendation and finds that it is not sufficiently specific to enable de novo review of Judge Mitchell's opinion. In his one-paragraph objection, Plaintiff now argues that it was unconstitutional for the State of Kansas to refuse to parole him to a halfway house in Kansas; he had previously argued that it was unconstitutional for the State of Kansas to refuse to parole him to Nebraska. In any case, Plaintiff fails to address any of the specific reasons for Judge Mitchell's recommendation that Plaintiff's Complaint fails to state a claim. As Judge Mitchell explained, Plaintiff has no

---

[2] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[3] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[4] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

[5] *Id.*

[6] *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[7] *Id.* (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

constitutionally protected liberty interest in the conditions of parole, such as to whom he is paroled or in what state.[8]

Judge Mitchell also explained that the Complaint should be dismissed against defendants Kris Kobach, the Kansas Attorney General, and Mark Dupree, the Wyandotte County District Attorney, because the Complaint alleged no actions taken by either of these defendants.  In his objection, Plaintiff states that Kobach and Dupree "should have given him a Due Process hearing within Wyandotte County as requested."[9]  But as Judge Mitchell explained, the Supreme Court has recognized that states may transfer an inmate to another state without depriving the inmate of any liberty interest protected by the Due Process Clause.

Plaintiff offers no specific argument about how Judge Mitchell erred in concluding that his Complaint fails to state a claim.  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."[10]  For the reasons set forth above, the Court finds that Plaintiffs' objection fails to preserve any specific issue for de novo review, and therefore the Court need not further address it.

Nonetheless, upon de novo review, the Court accepts Judge Mitchell's recommendation to dismiss this matter.  When a party is granted leave to proceed *in forma pauperis*, the court must screen the party's complaint.[11]  A court shall dismiss a plaintiff's case if the court determines the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which

---

[8] Doc. 7 at 3-4.

[9] Doc. 8.

[10] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[11] 28 U.S.C. § 1915(e)(2).

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[12]

After Judge Mitchell granted Plaintiff's leave to proceed *in forma pauperis*, she liberally construed the Complaint, determined that Plaintiff's Complaint failed to state a claim upon which relief may be granted under the correct standards, and recommended dismissal of those claims under § 1915(e)(2)(B)(ii).  The Court finds no error in these recommendations and adopts the Report and Recommendation as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to Report and Recommendation (Doc. 8) is **overruled and denied**.

**IT IS FURTHER ORDERED BY THE COURT** that the Court adopts as its own Magistrate Judge Mitchell's February 5, 2024 Report and Recommendation (Doc. 7).  In accordance with that Report and Recommendation, this case is hereby **dismissed in its entirety**.

**IT IS SO ORDERED.**

Dated: March 11, 2024

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 1915(e)(2)(B).